1  CINDY M. RUCKER (SBN 272465)
   crucker@maynardnexsen.com
2  MAYNARD NEXSEN LLP
   10100 Santa Monica Blvd., Suite 550
3  Los Angeles, California 90067
   Telephone: (323) 987-3356
4  Facsimile: (205) 254-1999

5  Attorney for Defendant
   PROTECTIVE LIFE INSURANCE COMPANY
6

7              **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9

10 ROBERT GURMAN and DAVID GURMAN,    Case No.
   Trustees of the Helen Gurman 1993 Trust,

11          Plaintiffs,                **DEFENDANT PROTECTIVE LIFE**
                                       **INSURANCE COMPANY'S**
12      v.                             **NOTICE OF REMOVAL**

13 PROTECTIVE LIFE INSURANCE COMPANY,
   and  DOES 1 through 50,
14
            Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEASE TAKE NOTICE that Defendant Protective Life Insurance Company ("Protective"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the action styled *Robert Gurman and David Gurman, Trustees of the Helen Gurman 1993 Trust v. Protective Life Insurance Company and Does 1-100* from the Superior Court of the State of California, San Francisco County, to the United States District Court for the Northern District of California. As grounds for this removal, Protective respectfully states as follows:

## I. PLEADINGS AND PROCESS

1. On March 10, 2023, Plaintiffs Robert Gurman and David Gurman, as Trustees of the Helen Gurman 1993 Trust ("Plaintiffs") instituted a civil action against Protective in the Superior Court of the State of California for San Francisco County, wherein the case was assigned Case No. CGC-23-605094 (the "State Court Action"). Through their lawsuit, Plaintiffs seek: (1) "compensatory damages for breach of contract in the amount of at least Three Million Dollars ($3,000,000.00) plus interest from November 28, 2022 to date of payment;" (2) "punitive and exemplary damages in an amount to be determined and in any event no less than One Million Three Hundred Thousand Dollars ($1,300,000.00);" and (3) attorneys' fees. Complaint ("Compl.") at "Prayer for Relief," p. 5.

2. The Summons and Complaint were served upon Protective's agent for service, CT Corporation, via U.S. Mail on April 3, 2023. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" is a true and correct copy of all process, pleadings, notices, and orders served upon Protective in the State Court Action.

## II. DIVERSITY JURISDICTION

3. This is a civil action of which this Court has original federal jurisdiction under 28 U.S.C. § 1332, and this is an action that may be removed to this Court by Protective pursuant to the provisions of 28 U.S.C. § 1441(b) because complete diversity of citizenship exists between Plaintiffs and Protective and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**A.  Citizenship of Plaintiffs**

4.    Plaintiff Robert Gurman is a citizen of the State of California and a resident of San Francisco County, California.  *See* Compl. at ¶ 8; Declaration of Cindy M. Rucker ("Rucker Decl.") at  ¶ 2.

5.    Plaintiff David Gurman is a citizen of the State of California and a resident of Contra Costa County, California.  *See* Rucker Decl. at ¶ 3.

**B.  Citizenship of Defendant**

6.    Protective was at the time of filing the State Court Action, and is now, a corporation existing under the laws of the State of Tennessee, with its principal place of business located in Birmingham, Alabama.  *See* Rucker Decl. at ¶ 4.  Protective is, therefore, a citizen of the States of Tennessee and Alabama for purposes of this Notice.  *See* 28 U.S.C. § 1332(c)(1) (establishing that a corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

7.    The citizenship of the Doe defendants is disregarded for purposes of removal.  *See* 28 U.S.C.A. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**C.  Amount in Controversy**

8.    Plaintiffs assert causes of action against Protective for: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) misrepresentation.  *See* Compl. at ¶¶ 9-17.  Under these causes of action, Plaintiffs seek, *inter alia*, "compensatory damages for breach of contract in the amount of at least Three Million Dollars ($3,000,000.00) plus interest from November 28, 2022 to date of payment," "punitive and exemplary damages in an amount to be determined and in any event no less than One Million Three Hundred Thousand Dollars ($1,300,000.00)," and attorneys' fees.  Compl. at "Prayer for Relief," p. 5.

Generally, the defendant bears the burden to establish the amount in controversy exceeds $75,000.00.  *See Avila v. Kiewit Corp.*, 789 F. App'x 32, 33 (9th Cir. 2019) (explaining that a removing defendant bears the burden of establishing "that its estimate is a reasonable one and

meets the amount in controversy jurisdictional threshold"). A defendant seeking removal "need only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1143 (E.D. Cal. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). *See also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) ("A notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements.").

"To determine if the amount in controversy requirement is met, the court looks to the amount demanded by the plaintiff in the Complaint." *Adkins*, 293 F. Supp. 3d at 1144 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291–92 (1938)). *See also Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1198 n.2 (E.D. Cal. 2012) ("The amount in controversy is determined by evaluating the allegations on the face of the complaint."); *Ives v. Allstate Ins. Co.*, 504 F. Supp. 3d 1095, 1097 (C.D. Cal. 2020) (quoting *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) ("The general rule is that the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed."). Only where "the state court complaint does not specify an amount of damages" is the removing defendant required to "prove by a 'preponderance of the evidence' that the amount in controversy requirement has been met." *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1007 (E.D. Cal. 2011) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

Here, the amount in controversy is satisfied. Plaintiffs' Complaint seeks actual damages "in the amount of at least Three Million Dollars." Compl. at "Prayer for Relief," p. 5. Plaintiffs additionally seek extracontractual damages and attorneys' fees from Protective. *Id*. Therefore, it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000.00.

## III.    TIMELINESS

9.    The Summons and Complaint were served upon Protective's agent for service, CT Corporation System, via U.S. Mail on April 3, 2023. *See* Exh. A. This notice is timely filed within thirty days of the service of the Summons and Complaint upon Protective. Protective is the only properly served named defendant to this action. As such, no other defendant(s) need to join or consent to removal.

## IV.    ALL OTHER REMOVAL PREREQUISITES ARE SATISFIED

10.    Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the court in which the removed State Court Action was pending.

11.    So far as Protective is aware, no further proceedings have occurred in the State Court Action.

12.    Protective will promptly file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, in the State Court Action.

13.    Written notice of the filing of this Notice will be given to the adverse party as required by law.

14.    The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of California.

15.    If any question arises as to the propriety of this removal, Protective respectfully requests the opportunity to present a brief oral argument in support of its position.

WHEREFORE, Protective removes the State Court Action from the Superior Court of the State of California, San Francisco County, and respectfully requests that this Court exercise jurisdiction over this matter.


Dated:  May 3, 2023                                        MAYNARD NEXSEN LLP


                                                                        */s/ Cindy M. Rucker*
                                                   By:          CINDY M. RUCKER


                                                   Attorney For Defendant
                                                   PROTECTIVE LIFE INSURANCE
                                                   COMPANY

**PROOF OF SERVICE**

COUNTY OF SAN FRANCISCO                )

STATE OF CALIFORNIA                     )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Maynard Nexsen LLP, 2 Embarcadero Center Suite 1450, San Francisco, CA 94111-3915. On the date indicated below, I served the foregoing document described as:

**DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

**[ X ]   VIA OVERNIGHT MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

**[ X ]   VIA CM/ECF ELECTRONIC SERVICE**: The interested party(ies) set forth below are registered CM/ECF users with the Court, and have consented to service through the Court's automatic transmission of a notice of filing.

     Baron L. Miller (CA Bar #58553)
     1388 Sutter Street, Suite 710
     San Francisco, CA 94109
     baron@baronmillerlaw.com
     Telephone: (415) 522-0500

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed May 3, 2023, in San Francisco, California.

                                Sam Roberson

# EXHIBIT A



## Service of Process Transmittal Summary

**TO:**     Domeneque Perry
            Protective Life Corporation
            2801 HIGHWAY 280 S OFC
            BIRMINGHAM, AL 35223-2488

**RE:**     **Process Served in California**

**FOR:**    Protective Life Insurance Company  (Domestic State: TN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROBERT GURMAN and DAVID GURMAN, Trustees of the Helen Gurman 1993 Trust vs. PROTECTIVE LIFE INSURANCE COMPANY |
| **CASE #:** | CGC23605094 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 04/03/2023 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/04/2023, Expected Purge Date: 04/09/2023 |
| | Image SOP |
| | Email Notification,  Domeneque Perry  domeneque.perry@protective.com |
| | Email Notification,  Amy Savoie  amy.savoie@protective.com |
| | Email Notification,  Vera Williams  vera.williams@protective.com |
| | Email Notification,  Julie Portera  julie.portera@protective.com |
| | Email Notification,  Cary Wahlheim  cary.wahlheim@protective.com |
| | Email Notification,  Keshia Flowers  keshia.flowers@protective.com |
| **REGISTERED AGENT CONTACT:** | Amanda Garcia |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



San Francisco P&DC 94

WED MAR 29 2023 PM

**BARON L. MILLER**
ATTORNEY AT LAW
Sutter Plaza
1388 Sutter Street, Suite 710
San Francisco, CA 94109

TO:

CT CORPORATION SYSTEM
330 N. Brand Blvd.
Glendale, CA 91203

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 55931 | FOR COURT USE ONLY |
|---|---|---|
| NAME: BARON L. MILLER | | |

NAME: BARON L. MILLER
FIRM NAME: BARON L. MILLER
STREET ADDRESS: 1388 Sutter Street, Suite 710
CITY: San Francisco    STATE: CA    ZIP CODE: 94109
TELEPHONE NO.: 415 522-0500    FAX NO.: 415 522-0513
E-MAIL ADDRESS: baron@baronmillerlaw.com
ATTORNEY FOR (Name): Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

Plaintiff/Petitioner: ROBERT GURMAN, et al

Defendant/Respondent: PROTECTIVE LIFE INSURANCE COMPANY, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-23-605094 |
|---|---|

TO (insert name of party being served): <u>PROTECTIVE LIFE INSURANCE COMPANY</u>

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: <u>March 29, 2023</u>

BARON L. MILLER
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*
   ADR Packet
   NOTICE TO PLAINTIFF

*(To be completed by recipient):*

Date this form is signed: _____

_____    ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**



| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 55931 | FOR COURT USE ONLY |
|---|---|---|
| NAME: BARON L. MILLER | | |

NAME: BARON L. MILLER
FIRM NAME: BARON L. MILLER
STREET ADDRESS: 1388 Sutter Street, Suite 710
CITY: San Francisco    STATE: CA    ZIP CODE: 94109
TELEPHONE NO.: 415 522-0500    FAX NO.: 415 522-0513
E-MAIL ADDRESS: baron@baronmillerlaw.com
ATTORNEY FOR (Name): Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

Plaintiff/Petitioner: ROBERT GURMAN, et al
Defendant/Respondent: PROTECTIVE LIFE INSURANCE COMPANY, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-23-605094 |
|---|---|

TO *(insert name of party being served):* PROTECTIVE LIFE INSURANCE COMPANY

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: March 29, 2023

BARON L. MILLER
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify):*
   ADR Packet
   NOTICE TO PLAINTIFF

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

 Print this form    Save this form    Clear this form

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Protective Life Insurance Company and DOES 1–50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Robert Gurman and David Gurman, Trustees of the Helen Gurman 1993 Trust

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

400 Mc Allister Street, San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
CGC-23-605094

**CGC-23-605094**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Baron L. Miller    1388 Sutter Street, Suite 710, San Francisco, CA 94109   415 522-0500

DATE:
*(Fecha)* **03/21/2023**

Clerk, by
*(Secretario)* **LAURA SIMMONS**

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form**

BARON L. MILLER, State Bar No. 55931
1388 Sutter Street, Suite 710
San Francisco, CA 94109
Telephone: (415) 522-0500
Fax: (415) 522-0513
Email: baron@baronmillerlaw.com

Attorney for ROBERT GURMAN and DAVID GURMAN,
Trustees of the Helen Gurman 1993 Trust, Plaintiffs

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*

**03/10/2023**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

ROBERT GURMAN and DAVID GURMAN,
Trustees of the Helen Gurman 1993 Trust,

                    Plaintiffs

vs.

PROTECTIVE LIFE INSURANCE
COMPANY and DOES 1-50,

                    Defendants

No.

**CGC-23-605094**

**COMPLAINT FOR BREACH OF
CONTRACT, VIOLATION OF THE
COVENANT OF GOOD FAITH AND
FAIR DEALING,
MISREPRESENTATION,
COMPENSATORY DAMAGES,
PUNITIVE AND EXEMPLARY
DAMAGES, AND ATTORNEYS FEES**

Plaintiffs allege:

## FACTS COMMON TO ALL CAUSES OF ACTION

1. This action concerns a life insurance policy (hereinafter "the policy") issued by Defendant Protective Life Insurance Company (hereinafter "Protective") to the Helen Gurman 1993 Trust (hereinafter "the Trust"), insuring the life of Helen Gurman. Plaintiffs are the adult sons of Helen Gurman and at all times herein mentioned they were and are the Trustees of the Helen Gurman 1993 Trust.

2. The policy, which was issued to the Trust in 1993, constitutes a contract (and is hereinafter also referred to as "the contract") between Protective and the Trust. The contract, which was entered into in the City and County of San Francisco, State of California, required Protective to make a lump sum payment of Four Million Dollars ($4,000,000.00) to the Trust upon the death of Helen Gurman (hereinafter "the death benefit"). The contract was amended in 2003 so as to reduce the death benefit to at least Three Million Dollars ($3,000,000.00).

3. Since the inception of the contract Plaintiffs have performed all material covenants and conditions of the contract that they have been allowed by Protective to perform, including the payment of policy premiums due to Protective in excess of One Million Three Hundred Thousand Dollars ($1,300,000.00).

4. Helen Gurman died on November 28, 2022, after which Plaintiffs informed Protective of Helen Gurman's death and their right to collect the death benefit by submitting the Claimant Statement (hereinafter "the claim") provided to them by Protective.

5. Protective has failed to pay the death benefit or any part of it, and has refused to inform Plaintiffs of what further actions, if any, they might need to take in order to collect the death benefit.

6. Plaintiffs are informed and believe that at all times herein mentioned each of the defendants was the owner, agent, servant and representative of each other, and was acting with the authority and consent of each other.

7. Defendants sued herein as DOES 1-50 are persons and entities whose identities are presently unknown to Plaintiffs. They are believed to be individual insurance agents who reside in the State of California and business entity insurance agents and insurance companies with their

principal place of business in the State of California and incorporated in the State of California. Plaintiffs pray leave to amend this Complaint when those identities have been ascertained.

8. At all times herein mentioned Protective and DOES 1-50 were and are doing business in the City and County of San Francisco, State of California; Helen Gurman was a resident of the City and County of San Francisco, State of California; Robert Gurman was and is a resident of the City and County of San Francisco, State of California; and the Trust has had a principal place of business in the City and County of San Francisco, State of California.

## FIRST CAUSE OF ACTION
### Breach of Contract

9. Plaintiff realleges and incorporates herein by reference as though fully set forth at length each and every statement contained in paragraphs 1. – 8. herein.

10. Protective has refused and failed to pay the death benefit or any part of it to Plaintiffs, and as a consequence thereof it has materially breached the contract.

11. As a direct and proximate result thereof Plaintiffs have been damaged in the amount of at least Three Million Dollars ($3,000,000.00) together with interest thereon at the legal rate from November 28, 2022 until date of payment.

## SECOND CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing

12. Plaintiffs reallege and incorporate herein by reference as though fully set forth at length each and every statement contained in paragraphs 1. – 11. herein.

13. Implied in the contract is a covenant of good faith and fair dealing.

14. In addition to its refusal and failure to pay the death benefit, Protective has refused and failed to fairly process the claim, and Protective has thereby acted unreasonably and in bad faith and dealt unfairly with Plaintiffs, and has materially breached its covenant of good faith and fair

dealing. As a direct and proximate result thereof Plaintiffs are also entitled to punitive and exemplary damages in a minimum amount of One Million Three Hundred Thousand Dollars ($1,300,000.00) for the purposes of punishing Protective and making an example of them for others who issue life insurance policies and others who purchase them. As a further direct and proximate result thereof Plaintiffs are also entitled to recover the attorneys fees they have incurred and will continue to incur in the prosecution of this Complaint.

### THIRD CAUSE OF ACTION
### Misrepresentation

15. Plaintiffs reallege and incorporate herein by reference as though fully set forth at length each and every statement contained in paragraphs 1. – 14. herein.

16. By reason of issuing the life insurance policy, collecting premiums on it, and engaging in previous communications with Plaintiffs and with Helen Gurman concerning the policy, Protective misrepresented to Plaintiffs that it would perform its obligations pursuant to the contract and act in good faith, including paying Plaintiffs the death benefit. Protective made these representations with the intention of inducing Plaintiffs to pay policy premiums. Plaintiffs justifiably and detrimentally relied on the misrepresentations since as a consequence of them Plaintiffs paid premiums to Protective and maintained the policy with Protective, and Plaintiffs relinquished their right and ability to purchase life insurance on the life of Helen Gurman from competitors of Protective.

17. As a direct and proximate result of the foregoing, Protective has engaged in misrepresentations and in despicable conduct that subjects Plaintiffs to cruel and unjust hardship, all done fraudulently, maliciously, oppressively, and in conscious disregard of Plaintiffs' rights; Plaintiffs have been monetarily damaged thereby as aforesaid; and Protective is liable to

Plaintiffs for punitive and exemplary damages in an amount no less than One Million Three Hundred Thousand Dollars ($1,300,000.00).

**WHEREFORE,** Plaintiffs pray for Judgment against all Defendants as follows:

1. For compensatory damages for breach of contract in the amount of at least Three Million Dollars ($3,000,000.00) plus interest from November 28, 2022 to date of payment;

2. For punitive and exemplary damages in an amount to be determined and in any event no less than One Million Three Hundred Thousand Dollars ($1,300,000.00);

3. For attorneys fees incurred in prosecuting this action; and

4. For such other and further relief as the Court deems proper.

Dated: 3|9|23

Respectfully submitted,

_____
BARON L. MILLER
Attorney for Plaintiffs

## VERIFICATION

I am one of the Plaintiffs. The foregoing document is true of my own knowledge, except as to the matters that are stated in it on my information and on my belief and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on _____3 | 9_____, 2023 at San Francisco, California.

_____
ROBERT GURMAN



## Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

### WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to
respond to a complaint or cross-complaint\*\***

### WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

### 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|
| | **DEPARTMENT 610** |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐ **Other ADR process (describe)**_____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **AUG 09, 2023**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CINDY M. RUCKER (SBN 272465)
crucker@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Blvd., Suite 550
Los Angeles, California 90067
Telephone: (323) 987-3356
Facsimile: (205) 254-1999

Attorney for Defendant
PROTECTIVE LIFE INSURANCE COMPANY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ROBERT GURMAN and DAVID GURMAN, Trustees of the Helen Gurman 1993 Trust,<br><br>Plaintiffs,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY, and DOES 1 through 50,<br><br>Defendants. | Case No. CGC-23-605094<br><br>**DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY'S ANSWER**<br><br>Complaint filed March 10, 2023 |

Defendant Protective Life Insurance Company ("Defendant"), by and through its undersigned counsel, hereby answer the Complaint of Plaintiffs Robert Gurman and David Gurman, Trustees of the Helen Gurman 1993 Trust ("Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant denies, both generally and specifically, every, all and singular, conjunctively and disjunctively, allegations of the above-referenced Complaint and every part thereof, and every cause of action thereof, and further specifically denies that Plaintiffs have been injured or damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness, negligence, act, or omission of Defendant.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs, and expressly denying all wrongdoing, Defendant alleges the following affirmative

defenses. By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

1. The Complaint, and each purported claim therein, fail to state a claim against Defendant on which relief can be granted.

2. Defendant denies the material allegations of the Complaint and demands strict proof thereof.

3. California Insurance Code §§ 10113.71 and 10113.72 (the Statutes) do not create a private right of action for recovery against insurer like Defendant.

4. Defendant complied with the Statutes before the subject Policy was terminated due to non-payment of premiums.

5. Plaintiffs' claims are barred by the provisions, terms, exclusions, definitions, limitations, and conditions of the Policy at issue.

6. Plaintiffs have failed to plead fraud with the requisite specificity required by the applicable law and rules.

7. Plaintiffs' claims are barred because Defendant has fully and/or substantially performed all contractual, statutory, and other duties that may have been owed to Plaintiffs.

8. Plaintiffs' claims are barred by the failure to satisfy necessary conditions precedent.

9. Plaintiffs' claims are barred because they are based on alleged breach of obligations not found in the Policy at issue, which is a fully integrated agreement.

10. Plaintiffs' claims are barred or limited because Defendant complied with all applicable laws, statutes, and regulations at all pertinent times.

11. Plaintiffs' claims are barred or limited because Defendant acted reasonably, appropriately, and in good faith at all pertinent times.

12. Plaintiffs' claims are barred because Defendant did not engage in any unfair, unlawful, fraudulent, or wrongful conduct.

13. Plaintiffs' claims are barred because Defendant did not willfully or intentionally

engage in any unfair, unlawful, fraudulent, or wrongful conduct.

14.     The acts and omissions of Defendant, if any, were excused or justified by the information and facts available to Defendant at the time such acts and omissions, if any, occurred.

15.     Plaintiffs have sustained no injury in fact or damages caused by Defendant or the conduct alleged in the Complaint.

16.     Plaintiffs have failed and neglected to use reasonable care to protect themselves and minimize the alleged loss and damage complained of, if there was any.

17.     If Plaintiffs have suffered any injury or harm—which Defendant expressly denies—recovery is barred by the failure of Plaintiffs, to mitigate, reduce, or otherwise avoid damages or injuries.

18.     Plaintiffs' claims are barred, in whole or in part, because no act or omission by Defendant, or by any person or entity for which Defendant was responsible, was the proximate cause of any injury or harm alleged.

19.     Plaintiffs' claims are barred due to the acts or omissions of third parties who are unrelated to Defendant.

20.     Plaintiffs' claims are barred, in whole or in part by their failure to mitigate any injury or damages allegedly suffered by Plaintiffs.

21.     Plaintiffs cannot prove or otherwise satisfy any of the factors listed for treble damages in California Civil Code § 3345.

22.     Plaintiffs fail to state a claim for punitive, exemplary, and/or treble damages against Defendant.

23.     Any demand for punitive or exemplary damages in the Complaint is barred by the Due Process Clauses of the United States Constitution and/or the California Constitution. U.S. Const., amend. XIV; Cal. Const. Art. I, § 7.

24.     Any demand for punitive or exemplary damages in the Complaint is barred by the Equal Protection Clauses of the United States Constitution and/or the California Constitution. U.S. Const., amend. XIV; Cal. Const. Art. I, § 7.

25.     Any demand for punitive or exemplary damages in the Complaint is barred by the

DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY'S ANSWER

Contracts Clauses of the United States Constitution and/or the California Constitution. U.S. Const., Art. I, § 10, cl. 1; Cal. Const. Art. I, § 9.

26.     Any demand for punitive or exemplary damages in the Complaint is barred by the Excessive Fines provisions of the United States Constitution and/or the California Constitution. U.S. Const., amend. XIII; Cal. Const. Art. I, § 17.

27.     Any demand for punitive or exemplary damages in the Complaint does not meet the tests for set forth by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and other cases, and therefore fails to state a cause of action supporting any punitive or exemplary damages claimed.

28.     Plaintiffs have expressly and/or by conduct waived the right to complain of the conduct alleged in the Complaint and are estopped from pursuing these claims.

29.     Plaintiffs' claims are barred by the doctrine of unjust enrichment.

30.     Plaintiffs' claims are barred by the doctrine of unclean hands in that the actions of Plaintiff, have caused some or all of the alleged harm incurred, if any.

31.     The claims for relief asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, laches, and/or other time bars.

32.     Plaintiffs' claim are barred, in whole or in part, by the following doctrines: res judicata, collateral estoppel, laches, assumption of risk, contributory negligence, duress, failure of consideration, contribution, set-off, fraud, illegality, injury by fellow servant, license, joint and several liability, payment, release, standing, real party in interest, accord and satisfaction, good faith, failure to cooperate, failure to read, and/or release.

Defendant reserves the right to plead any additional affirmative defenses that become available or known as this action proceeds, including, but not limited to, those defenses that become known to Defendant through discovery. Defendant reserves the right to amend its Answer to add such additional defenses or to delete any affirmative defenses that it determines are not applicable, as well as any counterclaims and third-party claims, based on information revealed during the discovery process.

WHEREFORE, Defendant prays for relief as follows:

1.     That Plaintiffs take nothing by reason of the Complaint and that judgment be entered
against Plaintiffs and in favor of Defendant;

2.     That Defendant be awarded its costs incurred in defending this action;

3.     That Defendant be granted such other and further relief as the Court may deem just
and proper.


Dated:  May 2, 2023                                    MAYNARD NEXSEN LLP


                                                        */s/ Cindy M. Rucker*
                                       By:        CINDY M. RUCKER


                                       Attorney For Defendant
                                       PROTECTIVE LIFE INSURANCE
                                       COMPANY

DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY'S ANSWER

# PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF SAN FRANCISCO )

I am employed in the County of San Francisco, State of California. I am over the age of 21 and am not a party to the within action. My business address is Maynard Nexsen LLP, Two Embarcadero Center, Suite 1450 San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

## DEFENDANT PROTECTIVE LIFE INSURANCE
## COMPANY'S ANSWER

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

Baron L. Miller (SBN 55931)
1388 Sutter Street, Suite 710
San Francisco, CA 94109
Telephone: (415) 522-0500
Fax: (415) 522-0513
Email: baron@baronmillerlaw.com

Attorneys for Plaintiffs

**[X]     BY MAIL:** I caused such envelope(s) to be deposited in the mail at San Francisco, California. The envelope(s) was (were) mailed with postage fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business.

**[X]     BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from email address Sroberson@maynardnexsen.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 2, 2023, in San Francisco, California.

_____
Sam Roberson III

DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY'S ANSWER